IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DORIAN DAVIS,

    Plaintiff,                       No. CIV S-01-0549 LKK PAN P

    vs.

L. GRAVES, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 3, 2005, plaintiff filed a request for a court-appointed investigator.  The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize the expenditure of public funds for investigators.  See 28 U.S.C. § 1915.  Plaintiff's request for a court-appointed investigator will therefore be denied.

        On December 15, 2005, plaintiff filed a motion for appointment of counsel.[1]  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

---

[1] Plaintiff's previous motion, filed June 3, 2005, was denied by order filed November 3, 2005.

1

298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's June 3, 2005 request for a court-appointed investigator is denied; and

2.  Plaintiff's December 15, 2005 motion for the appointment of counsel is denied.

DATED:  February 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
davi0549.31