IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DORIAN DAVIS,

     Plaintiff,                    No. CIV S-01-0549 LKK EFB P

    vs.

L. GRAVES, Correctional Officer, et al.,

     Defendants.          ORDER

        Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. He proceeds without counsel on appeal of this court's order granting defendants' motion to dismiss on July 31, 2007. Defendants moved to dismiss at trial, after the court read the undisputed facts to the jury and plaintiff chose not to testify. Judgment was entered for defendants on August 1, 2007.

        In his complaint, plaintiff alleged that defendants had "set him up" for a rules violation involving possession of an inmate-manufactured weapon, resulting in the penal consequence of placing him in administrative segregation. Plaintiff based his claims on the Due Process Clause of the Fourteenth Amendment. Plaintiff now appeals the granting of defendants' motion to dismiss at trial.

/////

In order for plaintiff to proceed *in forma pauperis* on appeal, this court must certify that his appeal is taken in good faith. An appeal not taken in good faith is one that is frivolous, meaning the result is obvious or the arguments are wholly without merit. See *Cannon v. Hawaii Corp. (In re Hawaii Corp.)*, 796 F.2d 1139, 1144 (9th Cir. 1986) (quoting *Libby, McNeil, and Libby v. City National Bank*, 592 F.2d 504, 515 (9th Cir. 1978); *Jaeger v. Canadian Bank*, 327 F.2d 743, 746 (9th Cir. 1964).

The Ninth Circuit will review this case *de novo. Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1126 (9th Cir. 2001).

Plaintiff claimed the following: (1) prison staff "set him up" by claiming that an inmate-manufactured weapon was found on his person during a routine search when plaintiff came in to the dining hall from the yard, resulting in disciplinary charges; (2) that this was done to punish him for an incident involving his cellmate, inmate Lino; (3) that plaintiff requested the attendance of inmate Lino at the disciplinary hearing and was denied in violation of his right to due process; (4) that defendant Doser, the investigating officer, refused to ask the witnesses the questions plaintiff submitted regarding his clams that he was "set up" by staff; and (5) that defendant Huebner endorsed defendant Doser's refusal to ask the questions.

On the day of trial, the jury was selected and sworn; plaintiff made his opening statement, the defense made theirs, and the court read the undisputed facts to the jury. Those facts are as follows:

1. At all times relevant to this action plaintiff was an inmate at the California Correctional Institution (CCI) in Tehachapi, California and defendants Graves, Cantrell, Doser and Huebner were employed as correctional staff at CCI.

2. On February 22, 2000, defendant Graves was responsible for searching inmates coming from the yard into Dining Hall 1 of Housing Unit 2.

3. Plaintiff was one of the inmates searched by defendant Graves that day.

4. While performing his search duties, defendant Graves examined a pair of gloves and

found an inmate manufactured weapon in one glove. As a result of that discovery, defendant Graves charged plaintiff with possession of a weapon, a disciplinary infraction.

5. On February 22, 2000, pursuant to the disciplinary charges, plaintiff was placed in administrative segregation.

6. On February 25, 2000, plaintiff received a copy of the rules violation report charging him with possession of a weapon.

7. On June 8, 2000, a disciplinary hearing was conducted by defendant Huebner.

8. Plaintiff claimed that staff had "set him up" to punish him for an incident involving his cellmate, inmate Lino.

9. Plaintiff requested the attendance of inmate Lino to testify at the disciplinary hearing. Defendant Huebner did not allow inmate Lino to appear at the hearing.

10. Defendant Doser was the investigating officer assigned to plaintiff in connection with the disciplinary charges.

11. Plaintiff submitted questions to defendant Doser.  Defendant Doser refused to ask witnesses questions concerning plaintiff's claims that he was "set up" by staff because defendant Doser deemed the questions "not relevant to the charge at issue." Defendant Huebner endorsed defendant Doser's refusal to ask the questions.

12.  At summary judgment, the court found that plaintiff's proposed evidence that he had been "set up" by staff was "highly relevant" and that "plaintiff should have been allowed to develop it."  Defendants did not object to these findings. (Findings and Recommendations, filed December 23, 2004, at 5; Order filed April 7, 2005.)

13.  Plaintiff stated at the hearing that the gloves were not in his jacket pocket and they had another inmates' name on them.  Defendant Huebner tried to obtain the gloves for examination at the hearing but was advised the gloves were not available.

14. Defendant Graves did not appear at the hearing.

15. Plaintiff was found guilty at the hearing and was referred to the Institutional

3

Classification Committee (ICC). Huebner prepared a written statement of the evidence supporting his determination.

16. At summary judgment, the court found that defendant Huebner relied on three factors to support the decision, (1) defendant Graves' statements in her rules violation report; (2) plaintiff's statement that the gloves had another inmate's name in them, which Huebner found implied the gloves had been in plaintiff's possession; and (3) plaintiff's only defense was that he was "set up." The court further found there was no evidence to support the second and third factors relied on by Huebner, and the first factor, defendant Graves' report, had "no meaningful indicia of reliability." Defendants did not object to these findings. (Findings and Recommendations, filed December 23, 2004, at 5-6; Order filed April 7, 2005.)

17. Plaintiff was retained in administrative segregation until June 22, 2000, when the ICC assessed a six-month mitigated Secured Housing Unit (SHU) term with a minimum early release date of July 7, 2000, to be followed by transfer to a level four facility.

18. On July 26, 2000, plaintiff was transferred to California State Prison - Sacramento.

After the court read the undisputed facts into evidence, plaintiff indicated that he did not wish to testify, and the defense moved to dismiss. Plaintiff moved for judgment as a matter of law. The court granted defendants' motion and the case was dismissed.

A court may treat a motion for dismissal as a motion for a directed verdict under Fed. R. Civ. P. Rule 50(a). *Fruit Industries Research Foundation v. National Cash Register Co.,* 406 F.2d 546 (9th Cir. 1969), *citing Wolf v. Reynolds Electrical & Engineering Co.*, 304 F.2d 646 (9th Cir. 1962). "Whether the motion to dismiss be made pursuant to Rule 41(b) or 50(a), the same rule is applied in determining whether the plaintiff has made a case for the jury." *Wolf* at 649. Viewing the evidence most favorable to plaintiff and giving him the benefit of all reasonable inferences, the district court's task is to determine whether or not, had there been a

4

1  verdict for plaintiff, the evidence would have been sufficient to sustain that verdict. *See*
2  *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 696 (1962); *Brady v.*
3  *Southern R.R.,* 320 U.S. 476, 479-480 (1943); *Poston v. United States*, 396 F.2d 103, 106 (9th
4  Cir. 1968).
5       Viewing the undisputed facts in the light most favorable to plaintiff, and giving him the
6  benefit of all reasonable inferences, the court finds the evidence presented at trial to be
7  insufficient to sustain a verdict for plaintiff.  Therefore, the outcome of the appeal most likely is
8  a foregone conclusion.
9       For these reasons, the court finds that plaintiff's appeal is not taken in good faith.
10       IT IS SO ORDERED.
11  Dated: November 27, 2007.

\

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5